UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PROJECT ON GOVERNMENT OVERSIGHT, INC.<br>1100 13th Street NW<br>Suite 800<br>Washington, DC 20005<br><br>        Plaintiff,<br><br>v.<br><br>NATIONAL ARCHIVES AND RECORDS ADMINISTRATION<br>8601 Adelphi Road<br>College Park, MD 20704<br><br>        Defendant. | Civil Action No. |

## COMPLAINT

1.     This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 220 and 2202, for injunctive, declaratory, and other appropriate relief. Plaintiff Project On Government Oversight, Inc. ("POGO") challenges the failure of the National Archives and Records Administration ("NARA") to provide POGO with all non-exempt documents responsive to a FOIA request POGO filed with NARA seeking records concerning the cancellation of a NARA exhibit on racism and bias in U.S. law and policy over the nation's history.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

3.      Venue lies in this district under 5.U.S.C § 552(a)(4)(B).

## PARTIES

4.      Plaintiff POGO is a nonpartisan independent organization based in Washington, D.C. and organized under section 501(c)(3) of the Internal Revenue Code. Founded in 1981, POGO champions reforms to achieve a more effective, ethical, and accountable federal government that safeguards constitutional principles. POGO's investigators and journalists take leads and information from insiders and verify the information through investigations using FOIA, interviews, and other fact-finding strategies. POGO's investigative work has been recognized by Members of Congress, executive branch officials, and professional journalism organizations. For instance, in 2015, POGO won the Robert D.G. Lewis Watchdog Award, the Society of Professional Journalists Washington, D.C. Professional Chapter's highest journalistic award, for reporting on the Department of Justice's opaque system for handling allegations of attorney misconduct within its ranks. In 2018, POGO won an award from the Society for Advancing Business Editing & Writing for its investigative series scrutinizing the government's oversight of offshore drilling. POGO extensively used records obtained under FOIA for both investigations.

5.      Defendant NARA is an agency within the meaning of FOIA, 5 U.S.C. § 552(f), and has possession, custody, and control of the records POGO seeks in this action.

## STATUTORY BACKGROUND

6.      FOIA requires federal agencies, upon request, to make records "promptly available to any person," 5 U.S.C. § 552(a)(3)(A), unless one or more specific statutory exemptions apply.

2

7.     For non-expedited requests an agency must make a determination on a FOIA request within twenty business days and notify the requester of which of the requested records it will release, which it will withhold, and why, and the requester's right to appeal the determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

8.     The twenty-day deadline for an agency to make a determination on a request begins on the earlier of: (l) the date "the request is first received by the appropriate component of the agency" or (2) "ten days after the request is "first received by any component of the agency that is designated in the agency's regulations . . . to receive [FOIA] requests." 5 U.S.C. § 552(a)(6)(A)(ii).

9.     In "unusual circumstances," an agency may extend the time limits the FOIA prescribes by written notice to the person making such request that sets forth the reasons for such extension and the date on which a determination is "expected" to be dispatched. The FOIA defines "unusual circumstances" as: (1) the need to search for and collect records from separate offices; (2) the need to examine a voluminous amount of records required by the request; and (3) the need to consult with another agency or agency component. 5 U.S.C. § 552(a)(6)(B)(iii). No such notice shall specify a date that would result in an extension for more than ten working days. 5 U.S.C. § 552(a)(6)(B)(i).

10.     If an agency does not respond to a FOIA request by the statutory deadline, the requester is deemed to have exhausted administrative remedies and may immediately pursue judicial review. 5 U.S.C. §§ 552(a)(6)(C)(i), 552(a)(4)(B).

## FACTUAL BACKGROUND

11.     As documented by the *Wall Street Journal*, the Archivist of the United States Colleen Shogan and her top advisors have taken numerous actions to "de-emphasize negative

parts of U.S. history." Andrew Restuccia & Rebecca Ballhaus, America's Top Archivist Puts a Rosy Spin on U.S. History—Pruning the Thorny Parts, *Wall Street Journal* (Oct. 29, 2024), available at https://www.wsj.com/politics/national-archives-history-colleen-shogan-f8512bc3?mod=hp_lead_pos7.

12.     Those actions by Archivist Shogan and her top aides include: (1) ordering "the removal of prominent references to such landmark events as the government's displacement of indigenous tribes and the incarceration of Japanese-Americans during World War II from planned exhibits," which she deemed "too negative and controversial"; (2) ordering the removal of an image of Civil Rights leader Martin Luther King, of a labor-union pioneer Dolores Huerta, and of the first Native American woman to join the Marine Corps Minnnie Spotted-Wolf from a photo booth, 'Step Into History'"; (3) directing that the patent for the contraceptive pill be removed from a patent exhibit; and (4) ordering the removal of certain "treaties signed by Native American tribes ceding their lands to the U.S. Government" from an exhibit concerning westward expansion in the U.S. *Id.*

13.     According to the *Wall Street Journal*, a senior advisor to Archivist Shogan "complained to some [NARA] employees that they were too woke[.]" *Id.*

14.     In the summer of 2023, a senior advisor to Archivist Shogan requested that the text of a planned exhibit on coal communities be changed "from saying that coal companies recruited workers from plantations" to identifying "the recruits as Southern farmworkers." *Id.* After complaints from NARA employees, the coal workers were identified as "Black sharecroppers from the American South." *Id.*

15.     That same advisor directed that "references to the environmental hazard caused by the mining industry" be removed. *Id.*

4

16. Similarly, that senior advisor ordered that the use of public records to return assets to the Jews after the Holocaust not be included in a planned gallery, "Your Archives in Action." *Id.*

17. The *Wall Street Journal* reported that the changes ordered by Archivist Shogan "have delayed the opening of new exhibits . . . and are expected to add at least $332,000 to costs" at a time when NARA faces budget shortfalls. *Id.*

18. A longtime NARA employee "filed a federal whistleblower complaint this summer, alleging Shogan abused her authority and engaged in censorship." *Id.*

19. On April 29, 2024, Plaintiff POGO submitted a FOIA request by email to NARA seeking "[a]ny emails in the possession of the following NARA officials – Archivist Colleen Shogun [sic], Senior Advisor Ellis Brachman, (now former) Museum Programs Division Director Lee Glazer, and Curator Alice Kamps – that include the terms "Kendi", "Created (Un)Equal" (the proposed name of an exhibit), or are related to that proposed exhibit from Janury 1, 2023 through the present." The request explained that that exhibit was featured in a referenced document from the 2022 National Archives Foundation.

20. POGO also sought a fee waiver because the subject of its request concerns the operations of the federal government, and the disclosures likely will contribute to a better understanding of how NARA is handling an important exhibit documenting the concerning history of U.S. laws and policies treating racial minorities disparately. POGO explained that there is a public interest in disclosing the requested records, specifically whether NARA is achieving its mission of fully telling the nation's history.

21. By email dated May 28, 2024, NARA advised POGO it had received POGO's FOIA request on April 29 2024. NARA also claimed "unusual circumstances" exist, specifically

the need to search for and collect potentially responsive documents from an office separate from the office processing the request. NARA advised the request would take an additional 10 days.

22.     By emails dated July 16, 2024, and July 25, 2024, POGO inquired about the status of its request. NARA responded by email dated July 29, 2024, advising POGO that its request was in the complex queue and that the estimated time to complete processing was 48 months.

23.     To date, NARA has not provided POGO with any additional correspondence nor has NARA provided POGO with any documents responsive to POGO's request.

24.     Under U.S.C. § 552(a)(6)(C)(i), Plaintiff has now effectively exhausted all applicable administrative remedies with respect to its request.

## PLAINTIFF'S CLAIM FOR RELIEF
### (Wrongful Withholding of Non-Exempt Records)

25.     Plaintiff repeats and re-alleges paragraphs 1-24.

26.     Plaintiff properly asked for records within the custody and control of NARA.

27.     Defendant NARA wrongfully withheld agency records requested by Plaintiff by failing to comply with the statutory time limit for making a determination on Plaintiff's April 29, 2024 FOIA request.

28.     Plaintiff POGO is therefore entitled to injunctive and declaratory relief with respect to the immediate processing and disclosure of the records requested in its April 29, 2024 FOIA request.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(1)     Order Defendant to immediately and fully process plaintiff's April 29, 2024 FOIA request and to disclose all non-exempt documents immediately and at no cost to Plaintiff;

(2)    Issue a declaration that Plaintiff is entitled to the immediate and expedited processing and disclosure of the requested records at no cost to Plaintiff;

(3)    Provide for expeditious processing in this action;

(4)    Retain jurisdiction of the action to ensure no agency records are wrongfully withheld;

(5)    Award Plaintiff its costs and reasonable attorney's fees in this action; and

(6)    Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

/s/Anne L. Weismann
Anne L. Weismann
(D.C. Bar No. 298190)
5335 Wisconsin Avenue, NW
Suite 640
Washington, DC 20015
Weismann.anne@gmail.com
*Attorney for Plaintiff*

Dated: November 13, 2024

7